## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
1333 H Street NW, Floor 11
Washington, DC 20005,

          *Plaintiff*,

              vs.

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,
451 7th Street, SW
Washington, DC 20410,

and

U.S. INTERAGENCY COUNCIL ON
HOMELESSNESS,
301 7th Street, SW
Washington, DC 20407,

          *Defendants*.

Case No.

## COMPLAINT FOR INJUNCTIVE RELIEF

1.   Plaintiff, Democracy Forward Foundation ("Democracy Forward"), brings this action

under the Freedom of Information Act, 5 U.S.C § 552 ("FOIA"), to compel the production of

documents from Defendants, U.S. Department of Housing and Urban Development ("HUD"),

and U.S. Interagency Council on Homelessness ("USICH") (collectively, "Defendants").

2.   Homelessness experts and past administrations have supported "Housing First" policies,

which call for providing permanent housing to people before addressing other chronic concerns,

such as substance abuse or mental health disorders. The Trump Administration has moved away

from Housing First, however, instead supporting a law enforcement response and shelters that

sequester people experiencing homelessness away from downtown areas and into large, centralized facilities.[1]

3.   Indeed, the new Executive Director of USICH, Robert Marbut, supports "Housing Fourth", not Housing First. Housing Fourth calls for providing housing only *after* people experiencing homelessness solve the behaviors that caused them to be homeless.[2]

4.   Mr. Marbut is also the founder and former CEO of Haven for Hope, a shelter complex in San Antonio, Texas. Billed as a "transformational campus," the shelter complex includes an exposed courtyard where residents struggling with substance abuse must sleep until they pass a required drug test to gain access to one of the complex's roofed facilities. The courtyard garnered a reputation as a place of despair as shelter residents reported hundreds of crimes every year, including assaults, rapes, and threats of terror.[3]

5.   Upon Mr. Marbut's appointment, 75 members of Congress signed a letter to President Trump calling Mr. Marbut "unqualified, unprepared, and disdainful of the mission of the critically important federal agency which he has been appointed to lead" and expressed dismay that the Administration "would pick someone whose professional work is based on practices that

---

[1] *See* Kriston Capps, *Trump's Plan to Criminalize Homelessness Is Taking Shape*, CityLab (Dec. 17, 2019), https://www.citylab.com/equity/2019/12/trump-policy-homeless-executive-order-city-services-shelters/603670/; Kriston Capps, *The Consultant Leading the White House Push Against Homelessness*, CityLab (Dec. 12, 2019), https://www.citylab.com/equity/2019/12/trump-homeless-shelter-agencyrobert-g-marbut-texas-housing/603280/ [hereinafter Capps II].

[2] *See* Capps II; Jeff Stein, *Trump Administration Ousts Top Homelessness Official as White House Prepares Broad Crackdown*, Wash. Post (Nov. 16, 2019), https://www.washingtonpost.com/business/2019/11/16/trump-administration-ousts-top-homelessness-official-white-house-prepares-broad-crackdown/.

[3] *Id.*

are … cruel, punitive, ineffectual and expensive to run the only federal agency tasked with ending homelessness."[4]

6.   On January 6, 2020, Democracy Forward submitted one FOIA request to each Defendant requesting various records relating to Mr. Marbut's appointment, policy views, and correspondence. On April 1, 2020, Democracy Forward submitted another FOIA request to USICH requesting correspondence between Mr. Marbut and state or local governments.

7.   To date, Defendants have not complied with their obligations under the FOIA.

8.   Accordingly, Democracy Forward seeks an injunction directing Defendants to comply with FOIA and to search for and produce all responsive documents.

## JURISDICTION AND VENUE

9.   This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10.   Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

11.   Plaintiff Democracy Forward is a not-for-profit media organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Democracy Forward's work includes the promotion of transparency and accountability in government by educating the public on government actions and policies. Among other things, Democracy Forward posts information it receives from FOIA requests on the internet and writes about them in various media. Democracy Forward's FOIA investigations have led to numerous stories of significant public interest.

---

[4] Letter from 75 Members of Congress to President Trump (Dec. 6, 2019), *available at* https://cdn.theatlantic.com/assets/media/files/congress_letter_to_usich.pdf.

12. Defendant HUD is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.

13. Defendant USICH is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.

## FACTUAL ALLEGATIONS

14. Democracy Forward sent FOIA requests to both HUD and USICH on January 6, 2020. *See* Exs. A and B.

15. The January 6, 2020, FOIA request to HUD asked for the following records:

> 1. All calendar entries and/or agendas, and attachments thereto, that include Robert Marbut as an invitee.
>
> 2. All correspondence, including attachments thereto, between HUD officials and Marbut Consulting.
>
> 3. All correspondence, including attachments thereto, sent to or from HUD and "MarbutR@aol.com."
>
> 4. All correspondence, including attachments thereto, that include the following words or phrases: "Housing Fourth", "Velvet Hammer", "Haven for Hope." Please exclude from this search all news clips, newsletters, and other publicly available materials, unless the relevant records contain additional commentary or discussion from Mr. Marbut or other individuals included on the emails.
>
> 5. All correspondence, including attachments thereto, sent between HUD and: 1) John Pallasch, USICH Chair and Department of Labor Assistant Secretary for Employment and Training, and/or 2) Arne Owens, USICH Vice Chair and Department of Health and Human Services Deputy Assistant Secretary for Planning and Evaluation.

*See* Ex. A at 2-3.

16. That FOIA request asked for documents within a date range from January 1, 2019 until the date the search was performed and identified specific offices to search. *See id*. at 3.

17. The January 6, 2020, FOIA request to USICH asked for the following records:

1. All correspondence, including attachments thereto, between Robert Marbut and email addresses ending in ".com", ".org", or ".edu" domains. Please exclude from this search all news clips, newsletters, and other publicly available materials, unless the relevant records contain additional commentary or discussion from Mr. Marbut or other individuals included on the emails.

2. All calendar entries and/or agendas, and attachments thereto, that include Robert Marbut as an invitee.

3. A copy of Robert Marbut's Microsoft Outlook address book or contact list.

4. All correspondence, including attachments thereto, between USICH and Marbut Consulting.

5. All correspondence, including attachments thereto, sent to or from USICH and the email address "MarbutR@aol.com."

6. All correspondence, including attachments thereto, discussing Robert Marbut's appointment sent to or from the following individuals:

     a. Jasmine Hayes, USICH Deputy Director and former-Interim Executive Director

     b. John Pallasch, USICH Chair and Department of Labor Assistant Secretary for Employment and Training

     c. Arne Owens, USICH Vice Chair and Department of Health and Human Services Deputy Assistant Secretary for Planning and Evaluation

     d. David C. Woll, Principal Deputy Assistant Secretary for Community Planning and Development, Department of Health and Urban Development

7. All correspondence, including attachments thereto, that include the following words or phrases: "Housing Fourth", "Velvet Hammer", "Haven for Hope." Please exclude from this search all news clips, newsletters, and other publicly available materials, unless the relevant records contain additional commentary or discussion from Mr. Marbut or other individuals included on the emails.

*See* Ex. B at 2-3.

18. The January 6, 2020, USICH FOIA request asked for documents within a date range from December 10, 2019 until the date the search was performed for the first three topics, and for January 1, 2019 until the date the search was performed for the final four topics. *See id.*

19. Democracy Forward submitted a second FOIA request to USICH on April 1, 2020. *See* Ex. C.

20. The second USICH FOIA request asked for "All correspondence, including attachments thereto, between Robert Marbut and state or local governments." *Id*. at 2. It requested documents within a date range from December 10, 2019 until the date the search was performed. *Id*.

21. All three FOIA requests asked for a fee waiver on the ground that disclosure of the information would be in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. Ex. A at 4-7, Ex. B at 4-7, Ex. C at 3-7; 5 U.S.C. § 552(a)(4)(A).

22. On January 14, 2020, HUD sent a letter acknowledging receipt of the FOIA request and assigning it reference number 20-FI-HQ-00555. This letter also stated that the request falls within "unusual circumstances" and that HUD would extend the time to respond "beyond the ten additional days provided by the statute." *See* Ex. D. at 1.

23. Democracy Forward has not received any additional communications regarding its FOIA request from HUD.

24. Democracy Forward has not received any communication regarding its FOIA requests from USICH.

\*\*\*

25. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendants were required to determine whether to comply with the FOIA request within twenty business days of receipt of the request and to notify Democracy Forward immediately of their determination, the reasons therefor, and the right to

appeal any adverse determination. When there are "unusual circumstances," Defendants may extend this deadline by ten working days, as provided in subsection 552(a)(6)(B)(iii).

26. The statutory deadlines for Defendants to respond to each of the FOIA requests has passed.

27. HUD has not produced any records in response to the FOIA request or advised Democracy Forward of any determination whether to comply with the FOIA request.

28. USICH has not produced any records in response to the FOIA request or advised Democracy Forward of any determination whether to comply with the FOIA request.

29. Because Defendants failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B)(i), Democracy Forward is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## CLAIM FOR RELIEF

30. Democracy Forward incorporates by reference the foregoing paragraphs as if fully set forth herein.

31. By failing to respond to Democracy Forward's request within the statutorily mandated time period, Defendants have violated their duties under FOIA, 5 U.S.C. § 552, including but not limited to their duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Democracy Forward prays that this Court:

1.   order Defendants to conduct a search for any and all responsive records to Democracy Forward's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to discovery of all responsive records;

2.   order Defendants to produce, by a date certain, any and all nonexempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.   enjoin Defendants from continuing to withhold any and all nonexempt responsive records;

4.   order Defendants to grant Democracy Forward's request for a fee waiver;

5.   award Democracy Forward its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.   grant Democracy Forward any other relief this Court deems appropriate.

Dated: May 21, 2020                                    Respectfully submitted,

                                                       /s/ *Robin F. Thurston*
                                                       Robin F. Thurston (D.C. Bar No. 1531399)
                                                       Democracy Forward Foundation
                                                       1333 H St. NW, Floor 11
                                                       Washington, DC 20005
                                                       (202) 448-9090
                                                       rthurston@democracyforward.org

                                                       *Counsel for Plaintiff*